1  DURIE TANGRI LLP
   DARALYN J. DURIE (SBN 169825)
2  ddurie@durietangri.com
   CLEMENT S. ROBERTS (SBN 209203)
3  croberts@durietangri.com
   LAURA E. MILLER (SBN 271713)
4  lmiller@durietangri.com
   217 Leidesdorff Street
5  San Francisco, CA  94111
   Telephone:    415-362-6666
6  Facsimile:    415-236-6300

7  Attorneys for Plaintiff
   YAHOO! INC.

8

9              IN THE UNITED STATES DISTRICT COURT

10          FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12  YAHOO! INC.,                          Case No. 5:16-cv-00349

13                      Plaintiff,        **YAHOO! INC.'S COMPLAINT FOR
                                          DECLARATORY JUDGMENT**
14          v.

15  KUDELSKI SA, and OPENTV, INC.,

16                      Defendants.       **DEMAND FOR JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Yahoo! Inc. ("Yahoo"), for its Complaint for Declaratory Judgment against Defendants Kudelski SA ("Kudelski"), and OpenTV, Inc. ("OpenTV") (each a "Defendant" and collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  Yahoo seeks a declaration of non-infringement for each of United States Patent Nos. 7,409,437 (the "'437 Patent"), 6,233,736 (the "'736 Patent"), 7,055,169 (the "'169 Patent"), 7,028,327 (the "'327 Patent") 7,752,642 (the "'642 Patent") and 6,758,754 (the "'754 Patent").  In addition, Yahoo seeks a declaration that United States Patent No. 6,148,081 (the "'081 Patent") is invalid for lacking patent-eligible subject matter.  Taken together the foregoing patents are referred to herein as the "Patents-in-Suit."

## PARTIES

2.     Yahoo is a company organized and existing under the laws of the Delaware with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

3.     Upon information and belief, Kudelski is a Swiss company with a principal place of business at Route de Genève 22, 1033 Cheseaux-sur-Lausanne, Switzerland.

4.     OpenTV is a corporation organized and existing under the laws of Delaware with its principal place of business at 275 Sacramento Street, San Francisco, California 94111.  Upon information and belief, OpenTV is a wholly-owned subsidiary of Kudelski.

## JURISDICTION AND VENUE

5.     This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has subject matter jurisdiction over the action under 28 U.S.C. § 1331 and § 1338, based on the existence of an actual controversy between Yahoo, on the one hand, and Defendants, on the other hand, for claims under the Patent Laws.  In particular, there is an active case or controversy about whether or not Yahoo infringes any claims of each of the Patents-in-Suit.  The existence of this controversy is demonstrated by, for example, the December 22, 2015 letter (attached hereto as Exhibit A) which Yahoo received from Kudelski and which purports to provide "notice of infringement" of each of the Patents-in-Suit.  On

information and belief, each of the Patents-in-Suit are owned by Kudelski's subsidiary OpenTV.

6.     This Court has personal jurisdiction over Defendants pursuant to the laws of the State of California, including California's long-arm statute, and California Code of Civil Procedure § 410.10. First, the Court has jurisdiction over OpenTV (which is, on information and belief, the direct owner of each of the Patents-in-Suit) because OpenTV maintains its principal place of business in this district at 275 Sacramento Street, San Francisco, California 94111 and because OpenTV is registered with the California Secretary of State to do business in California.

7.     The Court also has personal jurisdiction over each of the Defendants because each of the Defendants has purposely conducted its patent enforcement activities in this district and towards residents of this District.  In particular, and on information and belief, Defendants' enforcement efforts have included: (a) hiring counsel who reside and practice in this District (such as John Edwards at Kirkland & Ellis who was counsel of record for OpenTV in *OpenTV, Inc v. Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01525 and for both OpenTV and another Kudelski subsidiary in *OpenTV, Inc. and Nagra France SAS* v. *Netflix, Inc.*, N.D. Cal. Case No. 3:14-cv-01723 and Robert F. McCauley from Finnegan, Henderson who is counsel for OpenTV and two other Kudelski subsidiaries in *OpenTV, Inc., Nagravision S.A. and Nagra France S.A.S. v. Apple, Inc*., N.D. Cal. Case No. 3:15-cv-02008) for the express purpose of enforcing their patent rights—including rights in several of the Patents-in-Suit; (b) filing lawsuits and/or causing lawsuits to be filed in this District to enforce patent rights, including rights in several of the Patents-in-Suit (*see e.g. OpenTV, Inc. and Nagravison SA. v. Apple Inc*., N.D. Cal. Case No. 3:14-cv-01622 and *OpenTV, Inc., Nagravision S.A. and Nagra France S.A.S. v Apple, Inc*., N.D. Cal. Case No. 3:15-cv-02008); (c) prosecuting (and/or causing to be prosecuted) an action to enforce patents including several of the Patents-in-Suit (namely the '437, '169, and '736 Patents) against Netflix in a case that was originally filed in Delaware and then transferred to this District (s*ee OpenTV, Inc v. Netflix Inc.*, N.D. Cal. Case No. 3:14-cv-01525) and (d) undertaking extra-judicial enforcement efforts of the Patents-in-Suit against Yahoo—including through the enforcement meetings described in the letter attached hereto as Exhibit A—a letter in which Kudelski demands payment from Yahoo while asserting that it "***remains*** committed to ***enforcing*** its intellectual property rights." (emphasis added).  Notably, the meetings described in the attached letter took place at Yahoo's headquarters in this District, and involved

1   attempts by Kudelski to acquire patents from Yahoo.

2       8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because OpenTV

3   resides in the Northern District of California and a substantial portion of the events giving rise to this

4   action, including the development of the accused instrumentalities, took place here.

5                                    **THE PATENTS-IN-SUIT**

6       **A.      U.S. Patent No. 7,409,437**

7       9.      The '437 Patent is entitled "Enhanced Video Programming System and Method for

8   Incorporating and Displaying Retrieved Integrated Internet Information Segments."  A copy of the '437

9   Patent is attached hereto as Exhibit B.  The '437 Patent states on its face that it was issued to Craig

10  Ullman, Jack D. Hidary, and Nova T. Spivack.

11      10.     The application that issued as the '437 Patent was filed on November 18, 2002, and the

12  United States Patent and Trademark Office issued the '437 Patent on August 5, 2008.

13      11.     Kudelski has alleged that Claim 4 of the '437 Patent is infringed by the interactive video

14  advertising functionality employed by Yahoo's streaming video delivery services available through

15  yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's

16  Connected TV platform.

17      **B.      U.S. Patent No. 6,233,736**

18      12.     The '736 Patent is entitled "Media Online Service Access System and Method."  A copy

19  of the '736 Patent is attached as Exhibit C.  The '736 Patent states on its face that it was issued to

20  Thomas R. Wolzien.

21      13.     The application that issued as the '736 Patent was filed on April 3, 1998, and the United

22  States Patent and Trademark Office issued the '736 Patent on May 15, 2001.

23      14.     Kudelski has alleged that Claims 1–3, and 7–12 of the '736 Patent are infringed by the

24  interactive video advertising functionality employed by Yahoo's streaming video delivery services

25  available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS

26  devices and Yahoo's Connected TV platform.

27      **C.      U.S Patent No. 7,055,169**

28      15.     The '169 Patent is entitled "Supporting Common Interactive Television Functionality

Through Presentation Engine Syntax."  A copy of the '169 Patent is attached as Exhibit D.  The '169 Patent states on its face that it was issued to Alain Depulch, James Whitledge, Jean-Rene Menand, Emmanuel Barbier, Kevin Hausman, Debra Hensgen, and Dongmin Su.

16.     The application that issued as the '169 Patent was filed on April 21, 2003, and the United States Patent and Trademark Office issued the '169 Patent on May 30, 2006.

17.     Kudelski has alleged that Claims 1–2, and 22–23 of the '169 Patent are infringed by the adaptive streaming and resource management functionality employed by Yahoo's Connected TV platform.

**D.     U.S. Patent No. 7,028,327**

18.     The '327 Patent is entitled "Using the Electronic Program Guide to Synchronize Interactivity with Broadcast Programs."  A copy of the '327 Patent is attached as Exhibit E.  The '327 Patent states on its fact that it was issued to Brian P. Dougherty and C. Leo Meier.

19.     The application that issued as the '327 Patent was filed on March 29, 2000, and the United States Patent and Trademark Office issued the '327 Patent on April 11, 2006.

20.     Kudelski has alleged that Claims 13–15, 17–19, 22, 29–30, and 36 of the '327 Patent are infringed by the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform.

**E.     U.S. Patent No. 7,752,642**

21.     The '642 Patent is entitled "Post Production Visual Alterations."  A copy of the '642 Patent is attached as Exhibit F.  The '642 Patent states on its face that it was issued to Thomas Lemmons.

22.     The application that issued as the '642 Patent was filed on October 22, 2008, and the United States Patent and Trademark Office issued the '642 Patent on July 6, 2010.

23.     Kudelski has alleged that Claims 1, and 8–9 of the '642 Patent are infringed by the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform.

1

      **F.**     **U.S. Patent No. 6,758,754**

2        24.     The '754 Patent is entitled "System and Method for Interactive Gameplay Scheduled

3 Based on Real-Life Events."  A copy of the '754 Patent is attached as Exhibit G.  The '754 Patent states

4 on its face that it was issued to Eric Robert Lavanchy, Anthony Frank Zito, and Richard Edward Lamb.

5        25.     The application that issued as the '754 Patent was filed on August 13, 1999, and the

6 United States Patent and Trademark Office issued the '754 Patent on July 6, 2004.

7        26.     Kudelski has alleged that Claims 1–2, 4, 6–8, 11–15, 18–19, 22–24, 27, 29, and 31 are

8 infringed by the fantasy gaming functionality employed by Yahoo's fantasy sports gaming services

9 available through yahoo.com and Yahoo branded mobile applications available on Android or iOS

10 devices and Yahoo's Connected TV platform.

11      **G.**     **U.S. Patent No. 6,148,081**

12        27.     The '081 Patent is entitled "Security Model for Interactive Television Applications."  A

13 copy of the '081 Patent is attached as Exhibit H.  The '081 Patent states on its face that it was issued to

14 Steven Szymanski, Jean Rene Menand, Vincent Dureau, and Suresh N. Chari.

15        28.     The application that issued as the '081 Patent was filed on November 20, 1998, and the

16 United States Patent and Trademark Office issued the '081 Patent on November 14, 2000.

17        29.     Kudelski has alleged that Claims 1 and 6 of the '081 Patent are infringed by the security

18 model employed by the Yahoo Connected TV platform.

19                                                                 **COUNT ONE**

20               **(Declaratory Judgment of Non-Infringement of the '437 Patent)**

21        30.     Paragraphs 1 through 29 are incorporated herein as set forth above.

22        31.     Upon information and belief, OpenTV is the current assignee of the '437 Patent.

23        32.     As set forth above, an actual and justiciable controversy exists between Yahoo and

24 Defendants regarding infringement of Claim 4 of the '437 Patent by the interactive video advertising

25 functionality employed by Yahoo's streaming video delivery services available through yahoo.com and

26 through Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's

27 Connected TV platform.

28        33.     The manufacture, use, offer for sale, sale, and/or importation of the interactive video

1 advertising functionality employed by Yahoo's streaming video delivery services available through

2 yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's

3 Connected TV platform do not infringe and have not infringed, directly or indirectly, Claim 4 of the '437

4 Patent, either literally or under the doctrine of equivalents.

5      34.      The preamble of Claim 4 of the '437 Patent recites "receiving a programming signal

6 containing an embedded address," which serves as the antecedent basis for "the embedded address" and

7 "the address" in further limitations in the claim.  Yahoo does not infringe Claim 4 of the '437 patent at

8 least because it does not meet the "embedded address" limitations in that Yahoo's video programming

9 signals do not contain anything that would qualify as an embedded address.  To the contrary, in Yahoo's

10 system anything that might qualify as an address is decoupled from the programming signal and sent to

11 the end-user from a different server than the programming signal.

12      35.      Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale,

13 and/or importation of the interactive video advertising functionality employed by Yahoo's streaming

14 video delivery services available through yahoo.com and Yahoo's branded mobile applications available

15 on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claim 4

16 of the '437 Patent.

17                                    **COUNT TWO**

18                    **(Declaratory Judgment of Non-Infringement of the '736 Patent)**

19      36.      Paragraphs 1 through 29 are incorporated herein as set forth above.

20      37.      Upon information and belief, OpenTV is the current assignee of the '736 Patent.

21      38.      As set forth above, an actual and justiciable controversy exists between Yahoo and

22 Defendants regarding the alleged infringement of Claims 1–3 and 7–12 of the '736 Patent by the

23 interactive video advertising functionality employed by Yahoo's streaming video delivery services

24 available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS

25 devices and Yahoo's Connected TV platform.

26      39.      The manufacture, use, offer for sale, sale, and/or importation of the interactive video

27 advertising functionality employed by Yahoo's streaming video delivery services available through

28 yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's

Connected TV platform has not infringed and does not infringe, directly or indirectly, Claims 1–3 and 7–12 of the '736 Patent, either literally or under the doctrine of equivalents.

40.     Claims 1–3 of the '736 Patent each recite "an address associated with an online information source provided with a video program" and require that "an address has been provided with said video program."  The accused interactive video advertising functionality does not infringe Claims 1–3 at least because it does not provide an address *with* the video program.  Instead, to the extent any address is even associated with a video program, that address is decoupled from the video program and sent to the end-user independently and from a separate server than the video program.

41.     Claims 7–12 of the '736 Patent each recite "a link provided in [said/a] [video program/electronic signal]."  The accused interactive video advertising functionality does not infringe Claims 7–12 at least because, to the extent it provides any links, those links are not provided in the video program.  Instead, in Yahoo's system, links are decoupled from video programs and sent to the end-user from a separate server.

42.     Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 1–3 and 7–12 of the '736 Patent.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement of the '169 Patent)

43.     Paragraphs 1 through 29 are incorporated herein as set forth above.

44.     Upon information and belief, OpenTV is the current assignee of the '169 Patent.

45.     As set forth above, an actual and justiciable controversy exists between Yahoo and Defendants regarding infringement of Claims 1–2 and 22–23 of the '169 Patent by the adaptive streaming and resource management functionality employed by Yahoo's Connected TV platform.

46.     The manufacture, use, offer for sale, sale, and/or importation of the adaptive streaming and resource management functionality employed by Yahoo's Connected TV platform has not infringed and does not infringe, directly or indirectly, Claims 1–2 and 22–23 of the '169 Patent, either literally or

1   under the doctrine of equivalents.

2         47.    Claims 1–2 and 22–23 of the '169 Patent each recite "prohibit[ing] initiation/[the

3   presenting] of said presentation until said subset of resources are acquired, in response to determining the

4   one or more directives include said prerequisite directive."  Yahoo's adaptive streaming and resource

5   management functionality does not infringe Claims 1–2 and 22–23 at least because it does not meet this

6   limitation.  More specifically, the user's bandwidth and CPU capacity are not prerequisite resources as

7   that term is used in the '169 Patent, and (in any event) Yahoo does not prohibit the initiation of an audio,

8   video, and/or graphic presentation until specific amounts of bandwidth and CPU capacity are obtained.

9   To the contrary, in Yahoo's system an audio, video and/or graphic presentation can begin regardless of

10  the specific amount of bandwidth and CPU capacity a user has available.

11        48.    Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale,

12  and/or importation of the adaptive streaming and resource management functionality employed by

13  Yahoo's Connected TV platform does not and will not infringe Claims 1–2 and 22–23 the '169 Patent.

14  **<u>COUNT FOUR</u>**

15  **(Declaratory Judgment of Non-Infringement of the '327 Patent)**

16        49.    Paragraphs 1 through 29 are incorporated herein as set forth above.

17        50.    Upon information and belief, OpenTV is the current assignee of the '327 Patent.

18        51.    As set forth above, an actual and justiciable controversy exists between Yahoo and

19  Defendants regarding infringement of Claims 13–15, 17–19, 22, 29–30, and 36 of the '327 Patent by the

20  interactive video advertising functionality employed by Yahoo's streaming video delivery services

21  available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS

22  devices and Yahoo's Connected TV platform.

23        52.    The manufacture, use, offer for sale, sale, and/or importation of the interactive video

24  advertising functionality employed by Yahoo's streaming video delivery services available through

25  yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's

26  Connected TV platform has not infringed and does not infringe, directly or indirectly, Claims 13–15, 17–

27  19, 22, 29–30, and 36 of the '327 Patent, either literally or under the doctrine of equivalents.

28        53.    Claims 13–15, 17–19, 22, 29–30, and 36 of the '327 Patent each recite "determining,

using an electronic program guide, an interactive application associated with a broadcast program." Yahoo's interactive video advertising functionality does not infringe any of Claims 13–15, 17–19, 22, 29–30, and 36 at least because it does not meet this limitation. In particular, Yahoo's interactive video advertising functionality is not associated with a "broadcast program," as that term is used in the '327 Patent and does not use an electronic program guide to determine an interactive application. To the contrary, Yahoo is an internet (rather than a broadcast) platform and does not use EPGs to help users discover interactive applications.

54.     Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 13–15, 17–19, 22, 29–30, and 36 of the '327 Patent.

## COUNT FIVE

### (Declaratory Judgment of Non-Infringement of the '642 Patent)

55.     Paragraphs 1 through 29 are incorporated herein as set forth above.

56.     Upon information and belief, OpenTV is the current assignee of the '642 Patent.

57.     As set forth above, an actual and justiciable controversy exists between Yahoo and Defendants regarding infringement of Claims 1, and 8–9 of the '642 Patent by the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform.

58.     The manufacture, use, offer for sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform has not infringed and does not infringe, directly or indirectly, Claims 1, and 8–9 of the '642 Patent, either literally or under the doctrine of equivalents.

59.     Claims 1, and 8–9 of the '642 Patent each recite "combining said placement and contour data with a video signal for said video content to create a combined video signal" and then "transmitting

said combined video signal to a receiver system."  Yahoo's interactive video advertising functionality does not infringe Claims 1 and 8–9 of the '642 Patent at least because it does not meet these limitations. More specifically, to the extent placement and contour data is determined at all, it is determined by the client software on the end-user's device, and is not combined and/or transmitted with the video signal. Thus, the "combining" step is simply not performed and to the extent it were performed, it would be performed by someone other than Yahoo and thus no one entity would perform all of the steps of these method claims.

60.      Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 1 and 8–9 of the '642 Patent.

## COUNT SIX

### (Declaratory Judgment of Non-Infringement of the '754 Patent)

61.      Paragraphs 1 through 29 are incorporated herein as set forth above.

62.      Upon information and belief, OpenTV is the current assignee of the '754 Patent.

63.      As set forth above, an actual and justiciable controversy exists between Yahoo and Defendants regarding infringement of Claims 1–2, 4, 6–8, 11–15, 18–19, 22–24, 27, 29, and 31 of the '754 Patent by the fantasy gaming functionality employed by Yahoo's fantasy sports gaming services available through yahoo.com and Yahoo branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform.

64.      The manufacture, use, offer for sale, sale, and/or importation of the fantasy gaming functionality employed by Yahoo's fantasy sports gaming services available through yahoo.com and Yahoo branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform has not infringed and does not infringe, directly or indirectly, Claims 1–2, 4, 6–8, 11–15, 18–19, 22–24, 27, 29, and 31 of the '754 Patent, either literally or under the doctrine of equivalents.

65.      Claims 1–2, 4, 6, and 23–24 of the '754 Patent each recite "identifying a plurality of players, each player associated with one of a plurality of teams based on a player profile indicating a real-

life participant preference, each team relating to a real-life participant in a scheduled event" or "displaying an assignment of a plurality of players to a team for the one or more contests based on a player profile indicating a real-life participant preference."  Yahoo's fantasy gaming functionality does not infringe Claims 1-2, 4, 6, or 23–24 at least because it does not meet these limitations.  More specifically, in Yahoo's fantasy gaming functions players are not grouped onto teams based on a player profile indicating a preference or loyalty to a real-life participant/entity.  Instead, in Yahoo's system each player constructs her unique team by designating a plurality of real-life athletes.

66.     Claims 7–8, 11–15, 18–19, 22, 27, 29, and 31 of the '754 Patent each recite "placing each player on a team based on being associated with one of a plurality of entities," "assigning the plurality of players . . . to a team for the one or more contests; wherein the means for assigning is based on a player profile," "grouping players into a plurality of teams based on an entity selected by the player," or "displaying an assignment of a plurality of players to a team for the one or more contests and a matching of a plurality of teams to participate in the one or more contests wherein the matching is based on the selected entity."  Yahoo's fantasy gaming functionality does not infringe Claims 7–8, 11–15, 18–19, 22, 27, 29, and 31 at least because it does not meet these limitations.  More specifically, in Yahoo's system players are not placed or assigned to teams based on an association with a real-life entity.  Instead, a player constructs his or her unique team by designating a plurality of real-life athletes.

67.     Yahoo is entitled to judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the fantasy gaming functionality employed by Yahoo's fantasy sports gaming services available through yahoo.com and Yahoo branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 1–2, 4, 6–8, 11–15, 18–19, 22–24, 27, 29, and 31 of the '754 Patent.

## COUNT SEVEN

### (Declaratory Judgment of Invalidity of the '081 Patent)

68.     Paragraphs 1 through 29 are incorporated herein as set forth above.

69.     Upon information and belief, OpenTV is the current assignee of the '081 Patent.

70.     As set forth above, an actual and justiciable controversy exists between Yahoo and Defendants as to whether Yahoo infringes any valid claim of the '081 Patent—and in particular whether

1    Claims 1 and 6 are valid.

2        71.    Claims 1 and 6 of the '081 Patent are invalid at least because they fail to comply with the

3    conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to,

4    35 U.S.C. § 101.

5        72.    Claims 1 and 6 are invalid at least because they are directed to abstract ideas and lack an

6    inventive concept sufficient to transform the claims into a patent-eligible invention under 35 U.S.C.

7    § 101.  More specifically, Claims 1 and 6 are directed to the abstract idea of using a credential to

8    determine access rights.  The steps of Claims 1 and 6, [a] loading an application having a credential, [b]

9    verifying the credential, and [c] using the credential to determine whether the application is allowed to

10   perform certain functions, do not solve a technological or mechanical problem, and can be performed

11   without the use of a computer.  And there is nothing in the claims which would act as an inventive

12   concept sufficient to transform them into patent eligible subject matter.

13       73.    Yahoo is entitled to judgment declaring that Claims 1 and 6 of the '081 Patent are invalid

14   because they are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

15                                   **RELIEF SOUGHT**

16       WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief pursuant to

17   28 U.S.C. §§ 2201 and 2202:

18       1.    That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for

19   sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's

20   streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications

21   available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe

22   Claim 4 of the '437 Patent;

23       2.    That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for

24   sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's

25   streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications

26   available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe

27   Claims 1–3 or 7–12 of the '736 Patent;

28       3.    That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for

sale, sale, and/or importation of the adaptive streaming and resource management functionality employed by Yahoo's Connected TV platform does not and will not infringe Claims 1–2 or 22–23 of the '169 Patent;

4.      That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 13–15, 17–19, 22, 29–30 or 36 of the '327 Patent;

5.      That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of the interactive video advertising functionality employed by Yahoo's streaming video delivery services available through yahoo.com and Yahoo's branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 1 or 8–9 of the '642 Patent;

6.      That a declaration be issued under 28 U.S.C. § 2201 that the manufacture, use, offer for sale, sale, and/or importation of the fantasy gaming functionality employed by Yahoo's fantasy sports gaming services available through yahoo.com and Yahoo branded mobile applications available on Android or iOS devices and Yahoo's Connected TV platform does not and will not infringe Claims 1–2, 4, 6–8, 11–15, 18–19, 22–24, 27, 29, or 31 of the '754 Patent;

7.      That a declaration be issued under 28 U.S.C. § 2201 that Claims 1 and 6 of the '081 Patent are invalid;

8.      That an injunction be issued enjoining Defendants and their agents, representatives, attorneys, employees, and those persons in active concert or participation with them who receive actual notice here from threatening or initiating infringement litigation against Yahoo or its customers, dealers, or suppliers, or any prospective or present sellers, dealers, distributors or customers of Yahoo, or charging them either orally in writing with infringement of the Patents-in-Suit;

9.      That this case be adjudged an exceptional case under 35 U.S.C. § 285, and

10.     That Yahoo be awarded its attorneys' fees and costs;

11.     That the Court award all other and further relief as it deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  January 21, 2016                    DURIE TANGRI LLP


                                    By:  _____*/s/ Clement S. Roberts*_____
                                              DARALYN J. DURIE
                                              CLEMENT S. ROBERTS
                                              LAURA E. MILLER

                                          Attorneys for Plaintiff
                                          YAHOO! INC.